IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00399-BNB

RUSSELL G. BENNING,

    Plaintiff,

v.

ARISTEDES ZAVARAS, "Executive Director," Department of Corrections of Colorado,
KEVIN MILLYARD, "Warden," Sterling Correctional Facility,
P. A. BRIAN WEBSTER, Sterling Correctional Facility,
DR. J. FORTUNAT, Sterling Correctional Facility,
P. A. KATHERYN RITTENHOUSE, Sterling Correctional Facility,
MAJOR WAIDE, Sterling Correctional Facility,
C/O FRYEAR, Sterling Correctional Facility,
    all Named Defendants in Their Personal and Official Capacities, and
ALL JOHN DOES AND JANE DOES, Currently Not Known By Name To Be Addressed
    at a Later Date,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 14 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Russell G. Benning, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is confined at the Sterling, Colorado, correctional facility. He initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006), 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. He seeks money damages and declaratory and injunctive relief.

The Court must construe the complaint liberally because Mr. Benning is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Benning will be directed to file an amended complaint.

Mr. Benning asserts claims based upon a strip search conducted on August 1, 2006, and his medical treatment for a hernia that occurred while he was working as a prison porter. He contends that the strip search was illegal and that the defendants are deliberately indifferent to his serious medical needs.

Mr. Benning must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Benning must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant such as DOC Executive Director Aristedes Zavaras and Sterling Correctional Facility Warden Kevin Millyard may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Benning may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Benning uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Benning will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Benning "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the

3

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Benning file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Benning, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Benning submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Benning fails to file an original and sufficient copies of an amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 14, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00399-BNB

Russell Benning
Prisoner No. 58771
Sterling Correctional Facility
PO Box 6000 - Unit 33
Sterling, CO 80751-6000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/14/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk