IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00399-PAB-CBS

RUSSELL G. BENNING,
    Plaintiff,
v.

BRIAN WEBSTER, P.A., and
P.A. KATHERYN RITTENHOUSE,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Benning's failure to appear at the Preliminary Scheduling Conference held on April 30, 2009 at 8:30 a.m., failure to comply with court orders and the Local Rules of Practice of the United States District Court for the District of Colorado, failure to prosecute, and failure to respond to the court's April 30, 2009 Order to Show Cause (doc. # 70).  Pursuant to the General Order of Reference dated May 15, 2008 (doc. # 19), this civil action was referred to the Magistrate Judge to, *inter alia,* "[h]ear and determine any pretrial matter which has been or will be presented in this case . . . ."  The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Based upon District Judge Brimmer's March 24, 2009 Order Accepting Magistrate Judge's Recommendation, this case is proceeding against Defendants Webster and Rittenhouse on a single claim alleging violation of the Eighth Amendment based on denial of pain medication.  (*See* doc. # 63).  A copy of the court's order was mailed to Mr. Benning at the address he filed with the court on November 18, 2008.  (*See* doc. # 61).  Mr. Benning's copy of the court's Order was returned in the mail as undeliverable, marked

"Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*See* doc. # 65).

By an Order dated March 26, 2009, the court set the Preliminary Scheduling Conference on April 30, 2009 at 8:30 a.m. (*See* doc. # 64). The court directed Mr. Benning to appear and participate in the hearing either in person or via telephone by calling (303) 844-2117 at the scheduled time. (*See id.*). The court warned Mr. Benning that failure to appear at the Preliminary Scheduling Conference on April 30, 2009 may result in a Recommendation that this civil action be dismissed without further notice. (*See* doc. # 64). Mr. Benning's copy of this Order was also returned in the mail as undeliverable, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*See* doc. # 68).

Mr. Benning's copy of the February 12, 2009 Recommendation of United States Magistrate Judge was also returned to the court in the mail as undeliverable. (*See* docs. # 62 and # 67). Mr. Benning's last communication with the court was his notice of change of address filed on November 18, 2008. (*See* doc. # 61). Based on the court's review of the record, Mr. Benning has failed to file notice with the court as required by D.C. COLO. LCivR 10.1 M. within ten days after a change of his address or telephone number.

The court held the Preliminary Scheduling Conference on April 30, 2009. Counsel for Defendants appeared in person. Mr. Benning did not appear in person, by telephone, or through counsel. (*See* Courtroom Minutes/Minute Order (doc. # 69)). Mr. Benning has not contacted the court to explain his failure to appear.

The court issued an Order to Show Cause on April 30, 2009, directing Mr. Benning to show good cause in writing on or before Friday May 15, 2009 why a Recommendation should not be issued that this civil action be dismissed for failure to appear at the Preliminary Scheduling Conference on April 30, 2009, failure to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, and failure to prosecute. (*See* doc. # 70). The court advised Mr. Benning that

failure to adequately respond to the Order to Show Cause on or before Friday May 15, 2009 may result in a Recommendation that this civil action be dismissed without further notice. (*See id.*). Mr. Benning's copy of the Order to Show Cause was returned to the court in the mail as undeliverable, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*See* doc. # 71). To date, Mr. Benning has not responded to the court's Order to Show Cause.

II.   Analysis

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C. COLO. LCivR 41.1. Mr. Benning has failed to appear at the April 30, 2009 Preliminary Scheduling Conference, failed to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, failed to prosecute this civil action, and failed to respond to the court's Order to Show Cause. For these failures, this civil action may be dismissed with or without prejudice. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

In order to recommend the sanction of dismissal with prejudice of this civil action, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction

for violation of discovery order).  *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the Ehrenhaus criteria").  The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds first that Defendants have been prejudiced.  For example, counsel for Defendants appeared at the Preliminary Scheduling Conference on April 30, 2009 at which Mr. Benning failed to appear.  In the absence of Mr. Benning's participation, Defendants are unable to proceed to defend the single remaining claim in the lawsuit.  Second, Mr. Benning's continuing disregard for the court's orders has increased the workload of the court and interfered with the administration of justice.  The court has repeatedly reviewed the file and issued an Order to Show Cause, a Recommendation, and other orders to which Mr. Benning has not responded.  Third, the record does not reveal that anyone other than Mr. Benning is culpable for his failure to prosecute, his failure to respond to the court's Orders, and his ongoing failure to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure.  Fourth, the court has warned Mr. Benning at least twice that this civil action may be dismissed for failure to comply with the court's orders and the Federal and Local Rules. (*See, e.g.*, docs. # 64 and # 70).  Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has repeatedly failed to comply with previous court orders and the Federal and Local Rules.  All of the five

*Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to appear at the April 30, 2009 Preliminary Scheduling Conference, failure to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, failure to prosecute this civil action, and failure to respond to the court's Order to Show Cause.

Accordingly,

IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE pursuant to D.C. COLO. LCivR 41.1 based upon Mr. Benning's failure to appear at the April 30, 2009 Preliminary Scheduling Conference, failure to comply with the court's orders and the Local Rules of Practice of the United States District Court for the District of Colorado, failure to prosecute this civil action, and failure to respond to the court's Order to Show Cause.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the

district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 15th day of June, 2009.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge